In re Petition for DISCIPLINARY ACTION AGAINST Cortlen G. CLOUTIER, an Attorney at Law of the State of Minnesota.

No. C0–02–1092.

Supreme Court of Minnesota.

Nov. 1, 2002.

---

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Cortlen G. Cloutier committed professional misconduct warranting public discipline, namely, respondent failed to timely file and pay state and federal personal and employer withholding taxes, failed to communicate with two clients and to diligently pursue their legal matters, failed to cooperate with the Director's efforts to monitor respondent's compliance with an earlier tax-related private probation, and failed to cooperate with the Director's investigations into additional tax matters and three client complaints in violation of Minn. R. Prof. Cond. 1.3, 1.4, 8.1(a)(3), and 8.4(d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, RLPR, and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a 60–day suspension from the practice of law with the reinstatement hearing provided for in Rule 18, RLPR, waived and with the requirements that prior to reinstatement respondent shall enter into agreements satisfactory to the Internal Revenue Service and the Minnesota Department of Revenue for the payment of all unpaid taxes, penalties and interest, and provide copies of the agreements and proof of currency on payments required by the agreements to the Director; that respondent shall pay $900 in costs pursuant to Rule 24(a), RLPR; that respondent shall comply with Rule 26, RLPR, and that respondent be reinstated upon the expiration of the suspension period provided that at least 15 days prior to such expiration, he files an affidavit with the Clerk of Appellate Courts and the Director establishing that he is current with Continuing Legal Education requirements and has satisfied the conditions of reinstatement, and that upon reinstatement, respondent be placed on supervised

probation for two years subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor respondent's compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date this stipulation is executed. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall, on the first day of each month, provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within 30 days from execution of [the] stipulation, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

g. Respondent shall remain in compliance with the agreements entered into with the IRS and the DOR [as required above as a condition of reinstatement] and shall provide the Director with proof of continued compliance upon request.

h. Respondent shall timely file all required state and federal tax returns, including individual and employer withholding returns, and timely pay the taxes due thereon. Respondent shall affirmatively report to the Director, on or before the due date of the required re-

turns, his compliance with filing and payments requirements. Such reports shall include copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of all applications for filing extension[s] and proof of approval of such applications. Respondent shall provide all of the documents and information required herein without specific reminder or request.

i. Respondent shall employ a qualified tax preparer to assist him in preparing and filing required annual tax returns. Respondent shall make timely quarterly estimated payments to the state and federal tax authorities. On or before the filing deadline, respondent shall provide proof of such filing and payment to the Director without specific reminder or request.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Cortlen G. Cloutier is suspended for 60 days with reinstatement conditioned on the agreed-upon conditions set above. Upon reinstatement, respondent shall be on supervised probation for two years subject to the agreed-upon conditions set forth above. Respondent shall pay $900 in costs under Rule 24(a), RLPR.

BY THE COURT:
PAUL H. ANDERSON
Associate Justice